```
Alan E. Wisotsky (SBN 68051)
Dirk DeGenna (SBN 188972)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California  93036
Tel:     (805) 278-0920
Fax:     (805) 278-0289
E-mail:  lawyers@wisotskylaw.com
```

Attorneys for Defendants COUNTY OF VENTURA, NORA SOLER, GUILLERMO VALENCIA, JOSEPH DEVORICK, MATTHEW DELAHUERTA, KATHLEEN PEREA, and SAMUEL DOMINGUEZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM EDWARDS,  )  <br>  )  <br>       Plaintiff,  )  <br>  )  <br>   v.  )  <br>  )  <br>COUNTY OF VENTURA, DEPUTY NORA  )  <br>SOLER, DEPUTY VALENCIA,  )  <br>SGT. JOSEPH DEVORICK, DEPUTY  )  <br>MATTHEW DELAHUERTA, DEPUTY  )  <br>PEREA, DEPUTY DOMINGUEZ, and  )  <br>DOES 1 through 10, inclusive,  )  <br>  )  <br>       Defendants.  )  <br>_____)  | No. CV 07-04821 RGK (RZx) <br><br>**PROTECTIVE ORDER** <br><br>NOTE: CHANGES MADE BY THE COURT |

    Pursuant to the stipulation of the parties on file with the Court, IT IS HEREBY ORDERED that:

    The documents subject to this order are

    1.   April 26, 2007, memorandum concerning internal investigation #07-009(A)-(D) status (Bates #01662-01672);

    2.   Internal affairs investigation #07-009(A)-(D) (Bates #01674-01707);

    3.   Internal affairs investigation #00-150D of Deputy Nora

Soler (Bates #01875-01876 and #01878-02076):

      a.    Cover sheet (Bates #01875-01876);

      b.    May 23, 2001, correspondence to complainant (Bates #01878);

      c.    May 23, 2001, memorandum concerning internal investigation (Bates #01879);

      d.    Internal affairs investigation and supporting documents (Bates #01880-02076);

4.    Internal affairs investigation #01-020B of Deputy Nora Soler (Bates #02077-02114):

      a.    Cover sheet and October 24, 2001, correspondence to complainant (Bates #02077-02079);

      b.    October 24, 2001, memorandum concerning internal investigation (Bates #02080);

      c.    Internal affairs investigation and supporting documents (Bates #02081-02114);

5.    Internal affairs investigation #06-007 of Deputy Kathleen Perea (Bates #02115-02166);

      a.    Cover sheet and February 21, 2006, correspondence to complainant (Bates #02115-02117);

      b.    February 21, 2006, memorandum concerning internal investigation (Bates #02118-02119);

      c.    Internal affairs investigation and supporting documents (Bates #02120-02166);

6.    Internal affairs investigation #05-065(B) of Guillermo Valencia (Bates #02167-02313);

      a.    June 14, 2006, memorandum concerning internal investigation (Bates #02167-02171);

       b.    Internal affairs investigation and supporting documents (Bates #02172-02313);

    7.    Internal affairs investigation #03-011E of Guillermo Valencia, investigation and supporting documents (Bates #02314-02432);

    8.    Employment background report of Deputy Matthew Delahuerta (Bates #01708-01710);

    9.    Personal history statement of Matthew Delahuerta (Bates #01711-01733);

    10.    Background report of Joseph Devorick (Bates #01734-01736);

    11.    Personal history statement of Joseph Devorick (Bates #01737-01759);

    12.    Background examination of Samuel Dominguez (Bates #01760);

    13.    Background report of Samuel Dominguez (Bates #01761-01763);

    14.    Personal history statement of Samuel Dominguez (Bates #01764-01783);

    15.    Addendum sheet re Kathleen Perea (Bates #01784);

    16.    Background report of Kathleen Perea (Bates #01785-01788);

    17.    Personal history statement of Kathleen Perea (Bates #01789-01811);

    18.    Background report re Nora Soler (Bates #01812-01816);

    19.    Addendum sheet re Nora Soler background (Bates #01817);

    20.    Background report re Nora Soler (Bates #01818-01821);

    21.    Addendum sheet re Nora Soler background (Bates #01822);

    22.    Personal history statement of Nora Soler (Bates #01823-

1  01846);
2      23.  Background examination re Guillermo Valencia (Bates
3  #01847);
4      24.  Background report re Guillermo Valencia (Bates #01848-
5  01851);
6      25.  Personal history statement of Guillermo Valencia (Bates
7  #01852-01874);
8      26.  Personnel file training materials Nora Soler (Bates
9  #02433-02612);
10     27.  Personnel file training materials Samuel Dominguez (Bates
11 #02613-02700);
12     28.  Personnel file training materials Matthew Delahuerta
13 (Bates #02701-02975);
14     29.  Personnel file training materials Joseph Devorick (Bates
15 #02976-03171);
16     30.  Personnel file training materials Guillermo Valencia
17 (Bates #03172-03303);
18     31.  Personnel file training materials Kathleen Perea (Bates
19 #03304-03391).
20         Although defendants have asserted privilege, and
21 Plaintiff agrees that the documents are privileged, defendants may
22 disclose these documents subject to the following protections:
23     All such documents and writings will be considered confiden-
24 tial information.  This confidential information shall be used
25 solely in connection with this case and the preparation and trial
26 of this case or any related appellate proceeding and not for any
27 other purpose.  This information shall not be disclosed by
28 plaintiff or his attorneys to anyone other than the plaintiff's

attorneys and their staff; any expert or consultant hired or retained by plaintiff or his attorneys; any judge or magistrate judge presiding over any aspect of this action; any mediator, fact-finder, or other settlement officer agreed to or appointed to assess and evaluate the dispute; any witness disclosed by any party pursuant to Rule 26(a)(1), (2), and (3) of the Federal Rules of Civil Procedure and Local Rule 16-2.4 (revised effective December 2006); or any deponent in the course of testifying or preparing for testimony. All persons other than the parties and their counsel will be apprised of this stipulation and of its binding nature on all persons connected with this case.

The materials contained within the personnel files of defendants Nora Soler, Guillermo Valencia, Joseph Devorick, Matthew Delahuerta, Kathleen Perea, and Samuel Dominguez, specifically items 8 through 31 above, shall not be provided to or viewed by plaintiff William Edwards, nor shall the content be made known to him. Furthermore, all personal information, such as contact information and identification of the defendants and their families, shall be redacted from the documents.

To the extent that any confidential information is disclosed to a witness pursuant to this order, the documents shall be appropriately marked "Confidential Document Produced in *Edwards v. County of Ventura* Subject to Protective Order."

Confidential information shared with or otherwise disclosed to witnesses shall be destroyed or returned to the disclosing party at the conclusion of this action.

Disclosure shall be made within 15 days of service of this order.

5

1    This order shall not govern the use of documents in connection
2 with dispositive motions or at trial.  If protection is sought for
3 any documents in connection with those matters, a separate
4 application must be made to the judicial officer presiding over
5 those proceedings.
6    The Court may modify this protective order at any time upon
7 notice to the affected parties.
8    The parties may further stipulate, subject to Court approval,
9 to add additional documents subject to this protective order, or to
10 delete documents already covered by the order.
11    **IT IS SO ORDERED.**

13 Dated: March 25, 2008          _____
                                   RALPH ZAREFSKY
14                                 United States Magistrate Judge