PETER M. WILLIAMSON, State Bar No. 97309
TODD B. KRAUSS, State Bar No. 187991
WILLIAMSON & KRAUSS
18801 Ventura Blvd., Suite 206
Tarzana, CA 91356
Tel: (818) 344-4000/ Fax: (818) 344-4899

Attorneys for Plaintiff
WILLIAM EDWARDS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM EDWARDS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF VENTURA, DEPUTY NORA SOLER, and DEPUTY GUILLERMO VALENCIA,<br><br>　　　　Defendants. | CASE NO.  CV 07-04821 RGK (RZx)<br><br>PLAINTIFFS' MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE No. 1 — MOTION TO TRIFURCATE THE TRIAL<br><br>PRE-TRIAL:　July 14, 2008<br>TIME:　　　9:00 A.M.<br>CTRM:　　　850<br>TRIAL:　　　July 29, 2008 |

　　　Plaintiff, WILLIAM EDWARDS, hereby submits the following Memorandum of Points & Authorities in Opposition to Defendants' Motion in Limine to Trifurcate the Trial.

1.　　FACTUAL BACKGROUND

　　　On February 16, 2007, at or about 12:00 A.M. in the City of Camarillo, California, plaintiff was walking in an area where he had been previously involved in a shooting incident while employed as a Deputy Sheriff for the Ventura County Sheriff's Department (hereinafter the "VCSD").   Plaintiff was planning on meeting a friend (a former co-worker) later that morning after the friend's shift ended.  While waiting for his friend to arrive, three VSCD patrol vehicles appeared at the location.  Defendant, Deputy SOLER,

1
-----------------------------------------------------------------------------------------------------------------
Plaintiff's Opposition to Defendants' MIL No. 1 - Trifurcate Trial

1  exited her patrol vehicle, greeted the plaintiff and asked what he was doing. After
2  informing SOLER that he was simply walking the area in an effort to resolve some
3  lingering thoughts he had about the prior shooting, SOLER asked plaintiff where his gun
4  was. Plaintiff denied having a gun in his possession. Undeterred by plaintiff's response,
5  SOLER repeated the question a second time. Once again, plaintiff informed SOLER that
6  he did not have a gun in his possession.

7  Defendant, Deputy VALENCIA, who had also arrived at the location began to
8  approach the plaintiff from the rear. Plaintiff told VALENCIA to back up since he had
9  done nothing wrong. Once the plaintiff turned his attention back to SOLER,
10 VALENCIA tackled plaintiff from behind without legal cause or justification and slammed
11 him into the ground, seriously injuring plaintiff's shoulder.

12 Defendants' contend that plaintiff made vague and ambiguous statements which
13 suggested plaintiff might be suicidal. Plaintiff denies this. Defendants further contend
14 that it was necessary to take the plaintiff to Ventura County Mental Health for a mental
15 evaluation pursuant to **Welfare and Institutions Code** §5150. After being examined by
16 a mental health professional, it was determined that plaintiff was not a threat to himself
17 or others and he was released from further detention. Furthermore, no criminal charges
18 were ever brought against plaintiff.

19 Defendants Motion in Limine No. 1 seeks an order trifurcating the trial into
20 separate phases involving the officer's liability, **Monell** liability and punitive damages. If
21 trifurcation is ordered, the jury will be required to deliberate three separate times at the
22 end of each phase of the trial. For the following reasons, trifurcation should be denied
23 because it does not promote judicial economy and no prejudice to the parties will result.

24 2. <u>DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN OF
25      ESTABLISHING THAT TRIFURCATION WILL PROMOTE
26      CONVENIENCE OR JUDICIAL ECONOMY OR WOULD CAUSE
27      THEM TO SUFFER UNDUE PREJUDICE </u>.

28 As the party seeking bifurcation, defendants have the burden of proving that

1  bifurcation is justified given the specific facts of the case.  <u>Spectra-Physics Lasers, Inc. v.
2  Uniphase Corp</u>., 144 F. R. D 99, 101 (N. D. Ca 1992).  "Courts order separate trials only
3  when 'clearly necessary'."  <u>Corrigan v. Methodist Hospital</u>, 160 F. R. D. 55, 56 (E. D. Pa
4  1995).   Courts will not order trials of separate issues absent "compelling prejudice." 160
5  F. R. D. at 56. "The mere possibility of some prejudice does not justify separate trials
6  where such prejudice is not substantial and there are strong countervailing considerations
7  of economy."  <u>Id</u>. at 56.   Further in <u>Green v. Baca</u> 226 F. R. D. 624 ( 2005) citing <u>City
8  of Canton v. Harris</u> 489 U.S. 378, the court stated that defendants need to show they will
9  be 'unfairly prejudiced' by the admission of the evidence.

10      The only prejudice defendants claim they will suffer by virtue of a single trial is that
11 evidence of **Monell** liability is irrelevant and highly prejudicial to the individual deputies
12 and to allow such evidence to be introduced during the initial liability phase "could be"
13 confusing to the jury determining different legal standards for the officers and the entity.
14 Defendants simply overstate their case by claiming that "massive evidence" will be
15 introduced during the Monell phase of the trial.   In fact, the unwritten policy of the
16 VCSD, which plaintiff relies on in making his Monell claim — to arrest or place a §5150
17 hold on an individual who has been subjected to force by a deputy — comes from the
18 mouth of the one of the defendants himself.   No additional evidence of policies and
19 procedures need be or will be offered.    The defendant's testimony will establish the
20 policy.  The policy will be also be confirmed by plaintiff who has independent knowledge
21 of it existence.   Plaintiff's police practices expert will then offer his opinion concerning this
22 policy and its specific effect on the detention of plaintiff in this case.   This is the extent
23 of the "massive evidence" that defendants allude to in their moving papers.

24      Given the limited nature of this evidence, a separate phase for **Monell** liability is
25 unnecessary.   The evidence can be presented in a very short period of time and will not
26 unnecessarily consume trial time. On the other hand, three (3) separate trial phases would
27 require the jury to listen to the same witnesses multiple times and render three different
28 verdicts. This would extend the trial many days beyond the estimated trial length.

3

----------------------------------------------------------------------------------------------------------------------------
Plaintiff's Opposition to Defendants' MIL No. 1 - Trifurcate Trial

1    In <u>Brown v. Advantage Engineering v. Amoco Chemical Co.</u>, 732 F. Supp. 1163, 1171 (N. D. Ga 1990), the Court rejected bifurcation citing the Advisory Committee Note to Rule 42 (b) which states, "separation of issues for trial is not be routinely ordered." **(732 F. Supp at 1170)**  The court further noted that a general practice of bifurcating all negligence cases was disapproved.

Defendants also claim that the jury will be incapable of differentiating between liability standards that apply to the individual deputies and other standards that apply to the entity defendant.  Defendants show too little faith in the collective intelligence of the jury.  In <u>Hamm v. American Home Products Corp</u>., 888 F. Supp. 1037, 1039-40 (E. D. Ca 1995), the Court cited **Brown** with approval for the proposition that bifurcation is not be routinely ordered, noted as follows:

> "…. the court is not persuaded that the jury in this case will be unable or unwilling to distinguish between evidence pertaining to liability or culpability and evidence pertaining to the measure of damages.  The experience of this court does not support such a dark view of juror competence.  Moreover, any concerns about potential prejudice to the defendant may be directly addressed, and the prejudice cured, with appropriate limiting instructions."

3.  <u>PLAINTIFF WILL BE PREJUDICED IF THE CASE IS TRIFURCATED</u>.

In <u>Houdstermaatschaapij v. Apollo Computer</u>, 707 F. Supp. 1429, 1435 (D. Del. 1989), the Court stated that where separate trials would require plaintiff to present at least a limited amount of evidence twice, bifurcation is not favored.  This case will cause such a situation. For example, plaintiff intends to introduce evidence through a police practices expert concerning the use of excessive force by defendants which amounted to a Fourth Amendment violation.  That same expert will also offer testimony concerning the policies, practices and procedures of the County of Ventura, by way of its Sheriff's Department, that created the environment in which the constitutional violation could occur, to wit;

4

----------------------------------------------------------------------------------------------------------------
Plaintiff's Opposition to Defendants' MIL No. 1 - Trifurcate Trial

VCSD maintains an unwritten policy that once force is used on a subject, that subject must either be arrested or taken to a mental health facility on a Welfare & Institutions Code §5150 hold. If the trial were bifurcated between the liability and **Monell** phases, plaintiff would be forced to call his expert witness twice to testify thereby incurring considerable and unnecessary expense. This would also cause considerable inconvenience to plaintiff's expert witness who does not reside locally.

The Court, in <u>Apollo Computer</u>, went on to say ".... [p]erhaps the most important consideration for a court ruling on a motion to bifurcate is whether separate trials would unduly prejudice the non-moving party." (707 F. Supp. at 1435) On the contrary, based on the specific factual scenario presented herein, it is the plaintiffs who are likely to suffer prejudice if bifurcation is ordered.

4. <u>CONCLUSION</u>

In the case at bar, it is clear that defendants have failed to adequately articulate compelling reasons why they will suffer prejudice if trifurcation is not granted. Based on the foregoing, it is equally clear that trifurcating the case will cause the trial to last longer than estimated, and cause prejudice to the plaintiff in not being able to fully present his case to the jury.

For these reasons, plaintiff respectfully requests that defendants' In Limine Motion to Trifurcate the trial be denied.

DATED: June 23, 2008

                                      Respectfully submitted,

                                      WILLIAMSON & KRAUSS

                                      By:   /s/ PETER M. WILLIAMSON
                                                    Attorneys for Plaintiff
                                                    WILLIAM EDWARDS