PETER M. WILLIAMSON, State Bar No. 97309
TODD B. KRAUSS, State Bar No. 187991
WILLIAMSON & KRAUSS
18801 Ventura Blvd., Suite 206
Tarzana, CA 91356
Tel: (818) 344-4000/ Fax: (818) 344-4899

Attorneys for Plaintiff
WILLIAM EDWARDS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM EDWARDS, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF VENTURA, DEPUTY NORA SOLER, and DEPUTY GUILLERMO VALENCIA, <br><br> Defendants. | CASE NO. CV 07-04821 RGK (RZx) <br><br> PLAINTIFFS' MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE No. 2 — EXCLUSION OF EVIDENCE OF SHERIFF'S DEPARTMENT GENERAL ORDERS, AND POLICE PRACTICES MANUALS IN LIABILITY PHASE OF TRIAL |

PRE-TRIAL:   July 14, 2008
TIME:        9:00 A.M.
CTRM:        850
TRIAL:       July 29, 2008

Plaintiff, WILLIAM EDWARDS, hereby submits the following Memorandum of Points & Authorities in Opposition to Defendants' Motion in Limine No. 2 to Exclude Evidence of Sheriff's Department general orders, and police practices manuals in liability phase of trial.

1. <u>FACTUAL BACKGROUND</u>

On February 16, 2007, at or about 12:00 A.M. in the City of Camarillo, California, plaintiff was walking in an area where he had been previously involved in a shooting incident while employed as a Deputy Sheriff for the Ventura County Sheriff's Department

1

1 (hereinafter the "VCSD").  Plaintiff was planning on meeting a friend (a former co-
2 worker) later that morning after the friend's shift ended.  While waiting for his friend to
3 arrive, three VSCD patrol vehicles appeared at the location.  Defendant, Deputy SOLER,
4 exited her patrol vehicle, greeted the plaintiff and asked what he was doing.  After
5 informing SOLER that he was simply walking the area in an effort to resolve some
6 lingering thoughts he had about the prior shooting, SOLER asked plaintiff where his gun
7 was.  Plaintiff denied having a gun in his possession. Undeterred by plaintiff's response,
8 SOLER repeated the question a second time.  Once again, plaintiff informed SOLER that
9 he did not have a gun in his possession.

10 Defendant, Deputy VALENCIA, who had also arrived at the location began to
11 approach the plaintiff from the rear.   Plaintiff told VALENCIA to back up since he had
12 done nothing wrong.   Once the plaintiff turned his attention back to SOLER,
13 VALENCIA tackled plaintiff from behind without legal cause or justification and slammed
14 him into the ground, seriously injuring plaintiff's shoulder.

15 Defendants' contend that plaintiff made vague and ambiguous statements which
16 suggested plaintiff might be suicidal.  Plaintiff denies this.   Defendants further contend
17 that it was necessary to take the plaintiff to Ventura County Mental Health for a mental
18 evaluation pursuant to Welfare and Institutions Code §5150.   After being examined by
19 a mental health professional, it was determined that plaintiff was not a threat to himself
20 or others and he was released from further detention.   Furthermore, no criminal charges
21 were ever brought against plaintiff.

22 At trial, plaintiffs intend to offer expert testimony concerning the decisions and
23 actions of defendants VALENCIA and SOLER, culminating in their unlawful detention
24 and use of force against plaintiff.  The purpose of this testimony will be to show that
25 VALENCIA and SOLER violated the basic rules of police response and engagement with
26 a supposed mentally ill individual which are part of the training given to every California
27 Peace Officer Standards and Training (P. O. S.T.) certified officer.  In order to this, it will
28 be necessary for plaintiff's police practices expert to refer, not only to Ventura County

2

----------------------------------------------------------------------------------------------------------------------
Plaintiff's Opposition to Defendants' MIL No. 2 - Exclude Evidence of Policies in Liability Phase

1  Sheriff's Department Policy and Training Manuals which reference the proper procedures
2  to be utilized when deputies make contact with suspected mentally ill individuals, but also
3  to P. O. S.T. approved standards for dealing with the mentally ill.  Ultimately, this
4  evidence will be offered to aid the jury in evaluating whether VALENCIA and SOLER's
5  detention and use of force against plaintiff was objectively unreasonable.

6        Defendants seek to prevent the introduction of the policies of the Ventura County
7  Sheriff's Department as well as any other police practices manuals on the grounds that
8  such evidence is "always" inadmissible in the **liability** phase of a Section 1983 excessive
9  force case.  For the following reasons, the jury should be permitted to consider such
10 evidence as one factor in determining the reasonableness of VALENCIA and SOLER's
11 detention and use of force against plaintiff.  Accordingly, defendants' In Limine Motion
12 should be denied.

13 2.   <u>EVIDENCE OF POLICE DEPARTMENT POLICIES, PRACTICES</u>
14      <u>AND STANDARDS IS ADMISSIBLE FOR THE PURPOSE OF</u>
15      <u>EVALUATING THE REASONABLENESS OF A PARTICULAR</u>
16      <u>USE OF FORCE</u>.

17       The defendants assert that the violation of police policies, practices and standards
18 does not amount to a civil rights violation.  Plaintiffs concede that violations of police
19 policies and standards, **in and of themselves**, do not constitute a civil rights violation.  But,
20 defendants provide no **recent** authority for their blanket statement that evidence of such
21 polices and standards is inadmissible for any purpose during the liability phase of the trial.
22 In fact, the Ninth Circuit has held that such information is relevant to a jury's
23 determination of the liability of the individual officers, and specifically, whether excessive
24 force was used. While such evidence is not dispositive, a plaintiff may show that guidelines
25 were violated as proof of excessive force.

26       In **<u>Smith v. City of Hemet</u>**,[1] the Ninth Circuit, en banc, concluded that a jury
27 could legitimately consider whether a police officer's conduct comported with law
28

---
[1] Smith v. City of Hemet, 394 F. 3d 689 (9th Cir. 2005)

enforcement standards. In **Smith**, the plaintiff, in response to a summary judgment motion, produced an expert declaration which relied on P.O.S.T. standards regarding alternative techniques to subdue a person. The court, in addressing this issue stated:

> "As we have previously explained, an additional factor that we may consider in our **Graham** analysis is **the availability of alternative methods of capturing or subduing a suspect**. **Chew v. Gates**, 27 F.3d at 1441 n.5. Smith argues that the officers' conduct violated applicable police standards and that there were alternative techniques available for subduing him that presented a lesser threat of death or serious injury. Smith offered an expert declaration on the training of police dogs and police dog handlers. Discussing whether the officers' conduct comported with law enforcement standards, the expert relied upon California's Peace Officer Standards and Training, which are applicable to all state police officers and are a part of Department policy. He concluded that the officers could and should have used control holds to complete the arrest rather than to sic Quando on him once they had him restrained on the ground. **See also** Hemet Chief of Police, "Use of Force," Gen. Order No. U-102 (discussing "professional presence," "compliance techniques," and other "intermediate force" less likely to cause death or serious injury). **A rational jury could rely upon such evidence in assessing whether the officers' use of force was unreasonable.** [citations]." [2] (emphasis added)

In evaluating the objective reasonableness of the use of force by Defendants, Deputies VALENCIA and SOLER to detain plaintiff, the jury must be permitted to consider evidence that defendants' actions were inconsistent with, or in violation of, either their own department's polices or the polices and standards approved by P.O. S.T., which standards apply and to every certified police officer in the State of California. This evidence does not establish a constitutional violation in and of itself but, is one factor, that is relevant to a determination of the objective reasonableness of the defendants' use of force to detain plaintiff .

///////////////

////////////

//////

---

[2] Id. at p. 249-250

3. <u>CONCLUSION</u>

Based on the foregoing, it is clear that evidence of police policies and standards is highly relevant to the jury's determination of the objective reasonableness of defendants' detention and use of force on plaintiff.

For these reasons, plaintiffs respectfully request that defendants' In Limine Motion to exclude such evidence be denied.

DATED: June 23, 2008

                                        Respectfully submitted,

                                        WILLIAMSON & KRAUSS

                                        By:   /s/ PETER M. WILLIAMSON
                                                   Attorneys for Plaintiff
                                                   WILLIAM EDWARDS