PETER M. WILLIAMSON, State Bar No. 97309
TODD B. KRAUSS, State Bar No. 187991
WILLIAMSON & KRAUSS
18801 Ventura Blvd., Suite 206
Tarzana, CA 91356
Tel: (818) 344-4000/ Fax: (818) 344-4899

Attorneys for Plaintiff
WILLIAM EDWARDS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM EDWARDS, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF VENTURA, DEPUTY NORA SOLER, and DEPUTY GUILLERMO VALENCIA, <br><br> Defendants. | CASE NO.  CV 07-04821 RGK (RZx) <br><br> PLAINTIFFS' MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE No. 3 — EXCLUSION OF EVIDENCE OF GUILLERMO VALENCIA'S NET WORTH PRIOR TO ESTABLISHING CASE FOR PUNITIVE DAMAGES <br><br> PRE-TRIAL:   July 14, 2008 <br> TIME:              9:00 A.M. <br> CTRM:            850 <br> TRIAL:            July 29, 2008 |

Plaintiff, WILLIAM EDWARDS, hereby submits the following Memorandum of Points & Authorities in Opposition to Defendants' Motion in Limine to Exclude evidence of Gulliermo Vallencia's net worth prior to establishing prima facie case for punitive damages.

1. <u>FACTUAL BACKGROUND</u>

On or about February 16, 2007, at or about 12:00 A.M. in the City of Camarillo, County of Ventura, California, plaintiff was walking in an area where he had been involved in a previous shooting incident while acting as a Deputy Sheriff for the Ventura County Sheriff's Department (hereinafter the "VCSD").  Plaintiff was planning

1

------------------------------------------------------------------------------------------------------------------------
Plaintiff's Opposition to Defendants' MIL No. 3 - Preclude Evidence of Net Worth

on meeting a friend and fellow deputy later that morning after the deputy's shift ended. While waiting for his friend to arrive, three VSCD patrol vehicles appeared at the location. Defendant, Deputy SOLER, exited her patrol vehicle, greeted the plaintiff and asked what he was doing.  After informing SOLER that he was simply walking the area in an effort to resolve some lingering thoughts he had about the shooting he had previously been involved in, SOLER asked plaintiff where his gun was. Plaintiff informed SOLER that he did not have a gun because he was no longer a sheriff's deputy. Undeterred by plaintiff's response, SOLER repeated the question a second time.  Once again, plaintiff informed SOLER that he had no gun in his possession.

Defendant, Deputy VALENCIA, also arrived at the location and when approaching the plaintiff, he was told by plaintiff to back up since he had done nothing wrong.  Once the plaintiff had turned his attention back to SOLER, VALENCIA tackled plaintiff from behind without legal cause or justification and slammed him into the ground, separating plaintiff's shoulder.

The Defendant's contend that the plaintiff made vague and ambiguous statements which they claim were suicidal.  The defendant's further contend that it was necessary to take the plaintiff to Ventura County Mental Health under Welfare and Institutions Code §5150 for a mental evaluation.  After being examined by a mental health professional, it was determined that plaintiff was not a threat to himself or others and he was released from further detention.   Furthermore, no criminal charges were ever brought against plaintiff.

Defendants Motion in Limine No. 3 seeks to preclude plaintiff from offering evidence of the net worth of the individual defendant deputies except and unless a prima facie case is made that plaintiff is entitled to punitive damages.  For the following reasons, plaintiff should not be so limited and defendants' Motion in Limine should be denied.

////////////

/////////

////

1  2.  **EVIDENCE OF GUILLERMO VALENCIA'S NET WORTH IS ADMISSIBLE**

The defendants assert that the evidence of defendants net worth should not be admitted absent a prima facie showing of a case of liability for punitive damages.

In support of their motion, defendants cite <u>Mid Continent Cabinetry, Inc. vs. George Koch Son, Inc.</u>, 130 F. R. D. 149, 152 ( D. Kan. 1990) for the proposition that evidence of defendant's net worth would be inadmissible without the plaintiff first proving a prima facie case for punitive damages. However, the case cited is a discovery case in which pre-trial discovery of defendant's net worth was at issue.

Should a jury find that defendants' use of force was unwarranted and constituted a violation of plaintiff's civil rights, plaintiff would be entitled to punitive damages against both SOLER and VALENCIA. The evidence of defendants' net worth would require no more than five minutes of questioning during the liability phase. Plaintiff's case is predicated on a civil rights violation and as noted in the case defendants cites, there is sufficient evidence provided to form the basis of that allegation. The jury will hear evidence of the fact that no crime was committed, the plaintiff was not a threat to anyone at the time force was used and there was no objectively reasonable basis to use force at all. Based on such facts, the jury could conclude the excessive force was used against plaintiff in violation of his Fourth Amendment rights. Should they reach such a conclusion, the jury could also find that plaintiff is entitled to punitive damages. Evidence of defendants' net worth would is relevant for purposes of the jury determining the amount of such damages to be awarded to plaintiff.

///////////////

////////////

/////

------------------------------------------------------------------------------------------------------------------------
Plaintiff's Opposition to Defendants' MIL No. 3 - Preclude Evidence of Net Worth

3. <u>CONCLUSION</u>

Based on the foregoing, it is clear that evidence of the net worth of defendants is highly relevant and should be admitted in order to facilitate the jury's consideration of such damages. For this reason, plaintiff respectfully request that defendants' In Limine Motion to exclude such evidence be denied.

DATED:  June 23, 2008

                                       Respectfully submitted,

                                       WILLIAMSON & KRAUSS

                                       By:   /s/ PETER M. WILLIAMSON
                                             Attorneys for Plaintiff
                                             WILLIAM EDWARDS