PETER M. WILLIAMSON, State Bar No. 97309
TODD B. KRAUSS, State Bar No. 187991
WILLIAMSON & KRAUSS
18801 Ventura Blvd., Suite 206
Tarzana, CA 91356
Tel: (818) 344-4000/ Fax: (818) 344-4899

Attorneys for Plaintiff
WILLIAM EDWARDS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM EDWARDS, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF VENTURA, DEPUTY NORA SOLER, and DEPUTY GUILLERMO VALENCIA, <br><br> Defendants. | CASE NO. CV 07-04821 RGK (RZx) <br><br> PLAINTIFFS' MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE No. 5 — EXCLUSION OF EVIDENCE OF PLAINTIFF'S DISCHARGE FROM MENTAL HEALTH <br><br> PRE-TRIAL: July 14, 2008 <br> TIME: 9:00 A.M. <br> CTRM: 850 <br> TRIAL: July 29, 2008 |

Plaintiff, WILLIAM EDWARDS, hereby submits the following Memorandum of Points & Authorities in Opposition to Defendants' Motion in Limine to Exclude evidence of Plaintiff's discharge from mental health.

1. <u>FACTUAL BACKGROUND</u>

On or about February 16, 2007, at or about 12:00 A.M. in the City of Camarillo, County of Ventura, California, plaintiff was walking in an area where he had been involved in a previous shooting incident while acting as a Deputy Sheriff for the Ventura County Sheriff's Department (hereinafter the "VCSD"). Plaintiff was planning on meeting a friend and fellow deputy later that morning after the deputy's shift ended.

1

----------------------------------------------------------------------------------------------------------------------
Plaintiff's Opposition to Defendants' MIL No. 4 - Exclude Evidence of Discharge from Mental Health

1  While waiting for his friend to arrive, three VSCD patrol vehicles appeared at the location. Defendant, Deputy SOLER, exited her patrol vehicle, greeted the plaintiff and asked what he was doing. After informing SOLER that he was simply walking the area in an effort to resolve some lingering thoughts he had about the shooting he had previously been involved in, SOLER asked plaintiff where his gun was. Plaintiff informed SOLER that he did not have a gun because he was no longer a sheriff's deputy. Undeterred by plaintiff's response, SOLER repeated the question a second time. Once again, plaintiff informed SOLER that he had no gun in his possession.

Defendant, Deputy VALENCIA, also arrived at the location and when approaching the plaintiff, he was told by plaintiff to back up since he had done nothing wrong. Once the plaintiff had turned his attention back to SOLER, VALENCIA tackled plaintiff from behind without legal cause or justification and slammed him into the ground, separating plaintiff's shoulder.

The Defendant's contend that the plaintiff made vague and ambiguous statements which they claim were suicidal. The defendant's further contend that it was necessary to take the plaintiff to Ventura County Mental Health under Welfare and Institutions Code §5150 for a mental evaluation. After being examined by a mental health professional, it was determined that plaintiff was not a threat to himself or others and he was released from further detention. Furthermore, no criminal charges were ever brought against plaintiff.

At trial, plaintiff intends to offer testimony that the plaintiff was released approximately ten to twelve hours after being detained and taken to a mental health facility for evaluation. Once the plaintiff was evaluated and determined not to be a threat to himself or others, he was released. The purpose of this testimony will be to show that defendants violated plaintiff's civil rights by illegally detaining him in order to cover-up their unjustified use of force. Ultimately, this evidence will be offered to aid the jury in evaluating whether the use of force and continued detention of plaintiff by the defendants, was objectively unreasonable.

2

----------------------------------------------------------------------------------------------------------------------
Plaintiff's Opposition to Defendants' MIL No. 4 - Exclude Evidence of Discharge from Mental Health

1   Defendants seek to prevent the introduction of evidence that plaintiff was released
2 from the §5150 hold placed on him by the defendants, on the grounds that such evidence
3 is prejudicial. If defendants are permitted to introduce evidence that they had probable
4 cause to suspect plaintiff was suicidal in that he was a threat to himself or others, it stands
5 to reason that plaintiff should be able to introduce contrary evidence that he was not.
6 Evidence that he was evaluated and released from a mental health facility after it was
7 determined that he posed no threat to himself or others supports his claim that the only
8 reason he was forced to submit to a mental health evaluation was to cover-up the use of
9 excessive force against him. Accordingly, defendants' in Limine motion should be
10 denied.

11  2.   **EVIDENCE OF PLAINTIFF BEING RELEASED FROM THE MENTAL HEALTH HOLD IS ADMISSIBLE AND HIGHLY RELEVANT TO PLAINTIFF'S CLAIMS.**

14   The defendants assert that the evidence of the plaintiff being released from mental
15 health should not be placed into evidence. They are correct when they state that "[T]he
16 sole purpose in introducing such evidence would be to support his claim that the deputies
17 had no lawful basis for their actions." This is precisely why such evidence is highly
18 relevant to plaintiff's claims.

19   The jury needs to know the result of the **Welfare and Institutions Code** §5150
20 hold to help them evaluate what really occurred on the night in question. The jury will
21 hear evidence of the fact that once evaluated, the plaintiff was deemed NOT to be a threat
22 to himself or others. Such evidence supports plaintiff's claim that he was unlawfully
23 detained pursuant to § 5150 simply to cover-up the use of excessive force against him.

24  3.   **EVIDENCE IS ADMISSIBLE IF IT IS USED TO PROVE A FACT IS LESS PROBABLE OR NOT**

26   The defendants cite <u>De Anda v. City of Long Beach</u>, 7 F. 3rd 1418 ( 9th Cir. 1993)
27 for the proposition that evidence of a case being dismissed against an individual who later
28 files a Section 1983 action arising from his arrest, has no probative value.

3

---
Plaintiff's Opposition to Defendants' MIL No. 4 - Exclude Evidence of Discharge from Mental Health

1    The De Anda case held that under **Federal Rule of Evidence** 401, evidence is relevant if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In section 1983 actions, the existence of probable cause is a question for the jury, see <u>Smiddy v. Varney</u>, 665 F.2d 261, 265 (9th Cir.1981), cert. denied, 459 U.S. 829, 103 S. Ct. 65, 74 L. Ed.2d 66 (1982), and the determination of that issue depends on whether "the facts and circumstances within ... the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." <u>Dunaway v. New York</u>, 442 U.S. 200, 208 n. 8, 99 S. Ct. 2248, 2254 n. 8, 60 L. Ed.2d 824 (1979) (internal punctuation omitted). **"Thus, to be relevant, the dismissal must make the issue of the existence of probable cause more or less likely."** ( emphasis added)

The plaintiff contends the defendants knew he was not a danger to himself or others. However, based on an unwritten policy of the VCSD, which is conceded by defendant VALENCIA, once physical force was utilized to subdue plaintiff, the deputies either had to arrest plaintiff or detain him pursuant to §5150. Lacking probable cause for an arrest, defendants claim they had probable cause for the mental health hold. However, plaintiffs claim the 5150 hold was used simply to cover-up or justify their use of force. Evidence that the plaintiff was released after being evaluated by a mental health professional calls into serious question the conduct of the defendants and whether probable cause existed for the detention in the first place. Plaintiff wishes to provide evidence of a fact which will make the issue of probable cause more or less likely, so that the jury can make an informed decision as to what occurred on the night in question.

///////////////
////////////
//////

4

-------------------------------------------------------------------------------------------------------------------------
Plaintiff's Opposition to Defendants' MIL No. 4 - Exclude Evidence of Discharge from Mental Health

3. <u>CONCLUSION</u>

Based on the foregoing, it is clear that evidence of the fact that plaintiff was released from mental health facility after being evaluated by a mental health professional is highly relevant to plaintiff's claims for two reasons: 1) it supports his contention that the sole reason for the § 5150 hold was to cover-up illegal conduct by the defendants; and 2) it provides contradictory evidence regarding defendants' claim that they had probable cause to detain plaintiff for a mental health evaluation.

For these reasons, plaintiffs respectfully request that defendants' In Limine Motion to exclude such evidence be denied.

DATED: June 23, 2008

> Respectfully submitted,
>
> WILLIAMSON & KRAUSS
>
>
> By: <u>   /s/ PETER M. WILLIAMSON   </u>
> Attorneys for Plaintiff
> WILLIAM EDWARDS