PETER M. WILLIAMSON, State Bar No. 97309
TODD B. KRAUSS, State Bar No. 187991
WILLIAMSON & KRAUSS
18801 Ventura Blvd., Suite 206
Tarzana, CA 91356
Tel: (818) 344-4000/ Fax: (818) 344-4899

Attorneys for Plaintiff
WILLIAM EDWARDS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM EDWARDS,<br><br>            Plaintiff,<br><br>vs.<br><br>COUNTY OF VENTURA, DEPUTY NORA SOLER, and DEPUTY GUILLERMO VALENCIA,<br><br>            Defendants. | CASE NO.  CV 07-04821 RGK (RZx)<br><br>PLAINTIFFS' MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE No. 6 — EXCLUSION OF CHARACTER EVIDENCE AND EVIDENCE OF OTHER ALLEGED BAD ACTS<br><br>PRE-TRIAL:   July 14, 2008<br>TIME:             9:00 A.M.<br>CTRM:            850<br>TRIAL:            July 29, 2008 |

Plaintiff, WILLIAM EDWARDS, hereby submits the following Memorandum of Points & Authorities in Opposition to Defendants' Motion in Limine to Exclude character evidence and evidence of other bad acts.

1. <u>FACTUAL BACKGROUND</u>

On or about February 16, 2007, at or about 12:00 A.M. in the City of Camarillo, County of Ventura, California, plaintiff was walking in an area where he had been involved in a previous shooting incident while acting as a Deputy Sheriff for the Ventura County Sheriff's Department (hereinafter the "VCSD"). Plaintiff was planning on meeting a friend and fellow deputy later that morning after the deputy's shift ended.

1

1   While waiting for his friend to arrive, three VSCD patrol vehicles appeared at the location. Defendant, Deputy SOLER, exited her patrol vehicle, greeted the plaintiff and asked what he was doing. After informing SOLER that he was simply walking the area in an effort to resolve some lingering thoughts he had about the shooting he had previously been involved in, SOLER asked plaintiff where his gun was. Plaintiff informed SOLER that he did not have a gun because he was no longer a sheriff's deputy. Undeterred by plaintiff's response, SOLER repeated the question a second time. Once again, plaintiff informed SOLER that he had no gun in his possession.

Defendant, Deputy VALENCIA, also arrived at the location and when approaching the plaintiff, he was told by plaintiff to back up since he had done nothing wrong. Once the plaintiff had turned his attention back to SOLER, VALENCIA tackled plaintiff from behind without legal cause or justification and slammed him into the ground, separating plaintiff's shoulder.

The Defendant's contend that the plaintiff made vague and ambiguous statements which they claim were suicidal. The defendant's further contend that it was necessary to take the plaintiff to Ventura County Mental Health under Welfare and Institutions Code §5150 for a mental evaluation. After being examined by a mental health professional, it was determined that plaintiff was not a threat to himself or others and he was released from further detention. Furthermore, no criminal charges were ever brought against plaintiff.

By their Motion in Limine No. 6, defendants seek to prevent the introduction of the prior acts of the defendants while employed as members of the Ventura County Sheriff's Department on the grounds that such evidence is inadmissible character evidence and unduly prejudicial. However, the jury should be permitted to consider such evidence as one factor in determining the reasonableness of defendants' use of force and illegal detention in this case. Accordingly, defendants' in Limine motion should be denied.

///////////

2. **CHARACTER EVIDENCE AND EVIDENCE OF OTHER BAD ACTS OF THE DEFENDANTS IS ADMISSIBLE**.

The defendants assert that evidence of defendants' prior bad acts should be excluded from this trial on the basis that it violates **Federal Rule of Evidence** 404(b) and would be highly prejudicial. However, the defendants fail to identify or articulate the specific nature of the evidence they wish to exclude and why it is irrelevant to the present action. In his complaint, plaintiff asserted a number of claims against these defendants. Discovery propounded by plaintiff to defendants revealed a number of instances in which charges were founded by the VCSD against the named defendants for neglecting their duty and, more importantly, for their use of excessive force. In fact, one of these prior incidents involving defendant VALENCIA resulted in a 1.5 million dollar settlement with an individual whose leg was broken while being restrained at the Central Men's Jail in Ventura County.

In <u>Duran vs. City of Maywood</u>, 221 F. 3rd 1127 (9th Cir. 2001) citing <u>United States vs. Bibo-Rodriguez</u>, 922 F 2nd 1398 (9th Cir. 1990) the court stated that 'other acts' can be admissible if the following test is satisfied, (1) there must be sufficient proof for the jury to find that the defendant committed the other act (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged.

As to the first element, evidence of the prior use of force by defendant VALENCIA is contained within his personnel file which are maintained by the defendants themselves. Secondly, the prior incident involving excessive force was less than ten (10) years ago. As to the third and fourth elements, the acts which the plaintiff's wish to introduce are certainly similar if nearly identical to the allegations raised in the present case.

The only actions taken against the officers in regard to their improper conduct was to place a letter of reprimand in their personnel files and have them review department policies.

///////////

3. <u>EVIDENCE OF CHARACTER OR CONDUCT MAY BE ADMITTED TO TEST THE WITNESSES TRUTHFULNESS OR UNTRUTHFULNESS</u>

**Federal Rule of Evidence** 608 states that the credibility of a witness may be attacked where: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise. In addition, specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness ... may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Plaintiff should be permitted to question defendants as to whether they have ever been involved in the use of excessive force. If they deny that they have, plaintiff should be permitted to introduce evidence from their personnel files to prove that charges of excessive force were found against them by their own department.

4. <u>DEFENDANTS HAVE NOT MEET THEIR BURDEN THAT THE EVIDENCE IS UNDULY PREJUDICIAL</u>

Once again the defendants try to persuade the court by misguided and irrelevant arguments. The evidence the plaintiff's have been provided is not unduly prejudicial. Evidence is not inadmissible just because it is unfavorable. In <u>U.S. vs. Diaz</u>, Slip Copy, 2008 WL 817067, 75 Fed. R. Evid. Serv. 1283, S. D. Fla., March 25, 2008 (NO. 07-20398-CR) the court stated, F. R.E. Rule 403 is an "extraordinary remedy, <u>United States v. Utter</u>, 97 F.3d 509, 514 (11th Cir.1996) (citation omitted), and carries a "strong presumption in favor of admissibility. <u>United States v. Church</u>, 955 F.2d 688, 703 (11th Cir.1992). Rule 403 does not protect a party from all prejudice, only unfair prejudice. "

'[U]nfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Dollar v. Long Mfg., N.C., Inc., 561 F.2d 613, 618 (5th Cir.1977). "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." (Fed. R. Evid. 403 advisory committee's note)

None of the evidence the plaintiff wishes to introduce is for an improper basis nor emotional evidence. The evidence sought to be introduced consists of records from the defendants' personnel files and will be used to impeach the defendants should they deny their prior use of excessive force.

5. CONCLUSION

Based on the foregoing, it is clear that evidence from the defendants own personnel files of prior acts of misconduct is admissible and highly relevant to the claims being asserted by the plaintiff, herein. For these reasons, plaintiff respectfully requests that defendants' In Limine Motion to exclude such evidence be denied.

DATED: June 23, 2008

                                                Respectfully submitted,

                                                WILLIAMSON & KRAUSS

                                                By:   /s/ PETER M. WILLIAMSON
                                                           Attorneys for Plaintiff
                                                WILLIAM EDWARDS