PETER M. WILLIAMSON, State Bar No. 97309
TODD B. KRAUSS, State Bar No. 187991
WILLIAMSON & KRAUSS
18801 Ventura Blvd., Suite 206
Tarzana, CA 91356
Tel: (818) 344-4000/ Fax: (818) 344-4899

Attorneys for Plaintiff
WILLIAM EDWARDS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM EDWARDS, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF VENTURA, DEPUTY NORA SOLER, and DEPUTY GUILLERMO VALENCIA, <br><br> Defendants. | CASE NO.  CV 07-04821 RGK (RZx) <br><br> PLAINTIFFS' MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE No. 7 — REQUEST FOR SPECIAL INTERROGATORIES RE: QUALIFIED IMMUNITY <br><br> PRE-TRIAL:   July 14, 2008 <br> TIME:              9:00 A.M. <br> CTRM:             850 <br> TRIAL:            July 29, 2008 |

Plaintiff, WILLIAM EDWARDS, hereby submits the following Memorandum of Points & Authorities in Opposition to Defendants' Motion in Limine to submit Special Interrogatories to the jury regarding qualified immunity.

1.  **FACTUAL BACKGROUND**

On or about February 16, 2007, at or about 12:00 A.M. in the City of Camarillo, County of Ventura, California, plaintiff was walking in an area where he had been involved in a previous shooting incident while acting as a Deputy Sheriff for the Ventura County Sheriff's Department (hereinafter the "VCSD").   Plaintiff was planning on meeting a friend and fellow deputy later that morning after the deputy's shift ended.

1

-------------------------------------------------------------------------------------------------------------------------------
Plaintiff's Opposition to Defendants' MIL No. 7 - Special Interrogatories re: Qualified Immunity

While waiting for his friend to arrive, three VSCD patrol vehicles appeared at the location. Defendant, Deputy SOLER, exited her patrol vehicle, greeted the plaintiff and asked what he was doing. After informing SOLER that he was simply walking the area in an effort to resolve some lingering thoughts he had about the shooting he had previously been involved in, SOLER asked plaintiff where his gun was. Plaintiff informed SOLER that he did not have a gun because he was no longer a sheriff's deputy. Undeterred by plaintiff's response, SOLER repeated the question a second time. Once again, plaintiff informed SOLER that he had no gun in his possession.

Defendant, Deputy VALENCIA, also arrived at the location and when approaching the plaintiff, he was told by plaintiff to back up since he had done nothing wrong. Once the plaintiff had turned his attention back to SOLER, VALENCIA tackled plaintiff from behind without legal cause or justification and slammed him into the ground, separating plaintiff's shoulder.

The Defendant's contend that the plaintiff made vague and ambiguous statements which they claim were suicidal. The defendant's further contend that it was necessary to take the plaintiff to Ventura County Mental Health under Welfare and Institutions Code §5150 for a mental evaluation. After being examined by a mental health professional, it was determined that plaintiff was not a threat to himself or others and he was released from further detention. Furthermore, no criminal charges were ever brought against plaintiff.

By their Motion in Limine No. 7, defendants seek to have the court submit special interrogatories to the jury and then have the court rule on the issue of qualified immunity. The issue of qualified immunity is one of law and not proper for the jury to rule upon and accordingly, defendants' in Limine motion should be denied.

2. <u>SPECIAL INTERROGATORIES SHOULD NOT BE SUBMITTED TO THE JURY</u>.

The defendants had an opportunity to file a Motion for Summary Judgment on the issue of qualified immunity. They choose not to do so. Now, they seek to have the

jury decide issues regarding qualified immunity which are legal questions within the province of the court only – in effect an attempt to achieve what they did not achieve by filing a Motion for Summary Judgment. The court should not permit them to do so.

     First this is not a case for qualified immunity which is presumably why defendants never filed such a motion. Unnecessary force is excessive force by definition. In this case, no force was justified because plaintiff was unarmed, had no committed no crime and was not a threat to the deputies present or anyone else for that matter. No reasonable police officer could have believed that jumping on plaintiff's back and forcing him to the ground was objectively reasonable under the facts of this case. If the jury determines these facts in plaintiff's favor, then they necessarily will have found that excessive force was used in violation of plaintiff's civil rights. Conversely, if the jury was to find these facts in favor of the defendants, then the plaintiff will lose his case and the court will not have to deal with the issue of qualified immunity.

     In the case of <u>Willingham v.Crooke</u>, 412 F 3rd 553, 555-560 (C.A. 4 VA 2005) citing <u>Knussman v. Maryland</u>, 272 F.3d 625, 634 (4th Cir.2001), the court indicated that this legal question (qualified immunity) should not be submitted to the jury. In <u>Knussman</u>, the district court submitted to the jury both disputed factual issues and the ultimate question of whether the defendant was entitled to qualified immunity on the basis that he could reasonably have believed that his actions were lawful. The defendant did not challenge the submission of that question to the jury. Nonetheless, the court still noted its disapproval of the practice and stated that although the jury may be suited for making factual findings relevant to the question of qualified immunity, it is far better for the court, and not the jury, to answer the ultimate legal question of whether a defendant is entitled to qualified immunity. The court based its ruling on the nature of the analysis – requiring an examination of current federal law and federal law as it existed at the time of the alleged violation – makes for an awkward determination by the jury, at best and stated that juries are ill-suited to make the determinations of law required by the qualified immunity analysis.

1  3. <u>CONCLUSION</u>

2  Based on the foregoing, it is clear that the jury should not be given special
3  interrogatories to decide a question of law that is properly within the province of the
4  court. For these reasons, plaintiff respectfully requests that defendants' In Limine
5  Motion to submit special interrogatories to the jury regarding qualified immunity should
6  be denied.

7  DATED: June 23, 2008

8  Respectfully submitted,

9  WILLIAMSON & KRAUSS

12  By:   /s/ PETER M. WILLIAMSON
        Attorneys for Plaintiff
13      WILLIAM EDWARDS