1  PETER M. WILLIAMSON, State Bar No. 97309
   TODD B. KRAUSS, State Bar No. 187991
2  WILLIAMSON & KRAUSS
   18801 Ventura Blvd., Suite 206
3  Tarzana, CA 91356
   Tel: (818) 344-4000/ Fax: (818) 344-4899
4

5  Attorneys for Plaintiff
   JOSHUA KILZI
6

7

8
                    UNITED STATES DISTRICT COURT
9
          FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11  WILLIAM EDWARDS,                  )   CASE NO.  CV 07-04821 RGK (RZx)
                                      )
12              Plaintiff,            )
                                      )
13  vs.                               )   JOINT FINAL PRE-TRIAL
                                      )   CONFERENCE ORDER
14  COUNTY OF VENTURA, DEPUTY         )
    NORA SOLER, DEPUTY                )
15  VALENCIA, SGT. JOSEPH             )   Pre-Trial Conf:   July 14, 2008
    DEVORICK, DEPUTY MATTHEW          )   TIME:             9:00 P.M.
16  DELAHUERTA, DEPUTY PEREA,         )   CTRM:             850
    DEPUTY DOMINGUEZ AND              )   TRIAL:            July 29, 2008
17  DOES 1 through 10, inclusive.     )
                                      )
18              Defendants.           )
                                      )
19  _____  )

20      In anticipation of a Final Pre-Trial Conference, the parties hereto, through their

21  respective counsel, submit the following Joint Proposed Pre-Trial Conference Order,

22  pursuant to **Federal Rules of Civil Procedure**, Rule 16, and Local Rule 16-6:

23      1.    The parties are: Plaintiff, WILLIAM EDWARDS, and Defendants,

24  COUNTY OF VENTURA, and DEPUTIES NORA SOLER and GUILLERMO

25  VALLENCIA.

26      Each of the above-mentioned parties has been served and has appeared.   All other

27  parties named in the pleadings and not identified in the preceding paragraph are now

28  dismissed.

---------------------------------------------------------------------------------------------------

1  The pleadings which raise the issues are:   Plaintiffs' Complaint and Defendants'
2  Answer to the Complaint.

3  2.  Federal jurisdiction and venue are invoked upon the following grounds:
4  Federal jurisdiction is invoked under 42 U.S.C. § 1983.   This is a civil case involving
5  alleged civil rights violations by the County of Ventura and Deputies Nora Soler and
6  Guillermo Vallencia, acting under the color of law in their official capacity as a law
7  enforcement officers for the County of Ventura.

8  3.  The trial is estimated to take 5 - 7 days in total.

9  4.  The trial is to be a jury trial.   Sixteen (16) days prior to the trial date,
10 counsel shall deliver to the Court:

11  (a)  A joint set of jury instructions comprised of annotated instructions.
12 Objections by counsel to the instructions will be indicated in the annotated instructions.

13  (b)  Plaintiff's Disputed Jury Instructions;

14  (c)  Defendant's Disputed Jury Instructions;

15  (d)  Any special questions requested to be put to prospective jurors during
16 voir dire.

17  5.  The following facts are admitted and require no proof:

18  (a)  The incident which is the subject of this action, took place on
19 February 16, 2007, at approximately 12:10 a.m.

20  (b)  Deputies Nora Soler and Guillermo Vallencia were acting under the
21 color of law at the time of this incident.

22  (c)  William Edwards was brought to a Ventura County Mental Health
23 facility pursuant to Welfare and Institutions Code §5150 as a result of this incident.

24  6.  The following facts are admitted to be true but admissibility is
25 disputed and subject to evidentiary objection:   None.

26 ///////////////

27 //////////

28

---------------------------------------------------------------------------------------------------------------------

7.     The claims being asserted by the Parties are as follows:

<u>Plaintiffs' First Claim against Defendant Deputy Guillermo Vallencia for 4th Amendment Violations – Excessive Use of Force</u>:

(a)     The ultimate facts required to prove such claim under the applicable legal standard is that the force used by Deputy Guillermo Vallencia was objectively unreasonable.

(b)     The evidence relied upon to prove each element of the claim is:

(1)     That at all times during this incident, Defendant Guillermo Vallencia, acted under color of law as a Sheriff's Deputy for the County of Ventura.

(2)     That in his capacity as a Sheriff's Deputy for the County of Ventura, on February 16, 2007, defendant Guillermo Vallencia, intentionally deprived plaintiff, William Edwards, of his 4th Amendment constitutional rights to be free from unreasonable seizure by subjecting plaintiff to the excessive use of force — forcibly tackling plaintiff to the ground.

(3)     That there was no objectively reasonable basis for subjecting plaintiff, William Edwards, to any use of force by defendant, Guillermo Vallencia. William Edwards had committed no crime, was not a fleeing felon, and posed no serious threat of serious bodily harm to the officers present or anyone else.

(4)     Defendant, Guillermo Vallencia, by unnecessarily and unreasonably tackling plaintiff to the ground caused plaintiff to suffer physical injuries, as well as extreme pain and suffering.

(5)     That as a cause of said deprivation of his constitutional rights, plaintiff has suffered extreme emotional distress. William Edwards hereby seeks compensatory and punitive damages against defendant Guillermo Vallencia in both his official as well as individual capacity.

<u>Plaintiff's Second Claim against Defendant Guillermo Vallencia States a Claim for Battery</u>:

(a)     The ultimate facts required to prove such claim under the applicable

1 legal standard is that defendant, Deputy Guillermo Vallencia, intentionally did an act
2 which resulted in a harmful or offensive contact with the plaintiff; the plaintiff did not
3 consent to the contact, and the harmful or offensive contact caused injury to the plaintiff.

4       (b)    The evidence relied upon to prove each element of the claim is:

5         (1)    That in his capacity as a Sheriff's Deputy for the County of
6 Ventura, on February 16, 2007, defendant Guillermo Vallencia, intentionally tackled the
7 plaintiff to the ground.

8         (2)    Plaintiff did not consent to being tackled to the ground by
9 Deputy Guillermo Vallencia.

10         (3)    That as a consequence of defendant, Guillermo Vallencia,
11 tackling plaintiff to the ground, William Edwards, has sustained the damages set forth in
12 Claim One, for which he seeks compensatory and punitive damages against the defendant
13 in his official as well as individual capacity.

14     <u>Plaintiff's Third Claim against Defendants Nora Soler and Guillermo Vallencia for</u>
15 <u>4th Amendment Violations – Unreasonable Seizure:</u>

16       (a)    The ultimate facts required to prove such claim under the applicable
17 legal standard is that the seizure by Deputies Nora Soler and Guillermo Vallencia was
18 unreasonable in that it was without proper justification thereby depriving the plaintiff,
19 William Edwards, of his enjoyment of his constitutionally protected rights.

20       (b)    The evidence relied upon to prove each element of the claim is:

21         (1)    On February 16, 2007, Deputies Nora Soler and Guillermo
22 Vallencia, intentionally caused the plaintiff, William Edwards, to be taken into custody
23 and held in the Ventura County Mental Health Ward pursuant to Welfare and
24 Institutions Code §5150 without proper or lawful justification thereby depriving him of
25 his Constitutionally protected rights.

26         (2)    Plaintiff's constitutionally protected rights were interfered with
27 as a result of the defendant's conduct.

28 ////

1    (3)    That as a consequence of defendant, Nora Soler, and Guillermo

2 Vallencia unreasonably detaining the plaintiff, William Edwards, he has sustained the

3 damages set forth in Claim One, for which he seeks compensatory and punitive damages

4 against each defendant in their official as well as individual capacities.

5    Plaintiff's Fourth Claim against Defendants Nora Soler and Guillermo Vallencia

6 and the County of Ventura — State Claim for Negligence:

7    (a)    The ultimate facts required to prove such claim under the applicable

8 legal standard is that defendants, Deputies Nora Soler and Guillermo Vallencia, and the

9 County of Ventura through its Sheriff's Department, owed plaintiff a duty to protect him

10 and not use unnecessary force against him, knowingly and/or recklessly did an act which

11 resulted in harm to the plaintiff; and the harmful or offensive contact caused injury to the

12 plaintiff.

13    (b)    The evidence relied upon to prove each element of the claim is:

14    (1)    That in their capacity as Sheriff Deputies for the County of

15 Ventura, on February 16, 2007, defendants Nora Soler and Guillermo Vallencia,

16 knowingly and/or recklessly tackled plaintiff to the ground and unlawfully detained him

17 in violation of his constitutional rights.

18    (2)    Defendant Guillermo Vallencia had no right to use the force

19 he used against plaintiff.

20    (3)    Defendants Nora Soler and Guillermo Vallencia had no right

21 to detain plaintiff.

22    (4)    That as a consequence of defendants, Soler & Vallencia's,

23 tackling plaintiff to the ground, and unjustly detaining him without legal cause, plaintiff

24 sustained the damages set forth in Claim One, for which he seeks compensatory damages

25 against the defendants in their official as well as individual capacities.

26    Plaintiffs' Fifth Claim against Defendant County of Ventura — Failure to Train:

27    (a)    The ultimate facts required to prove such claim under the applicable

28 legal standard is that the training program of the defendant, County of Ventura, was

1  inadequate to train Deputy Guillermo Vallencia in how and when to use force.  Further

2  that they implore an unwritten policy as a means of covering-up any misconduct of any

3  deputies that unnecessarily use force against a person.

4          (b)     The evidence relied upon to prove each element of the claim is:

5                (1)     The defendant, County of Ventura, was deliberately indifferent

6  to the need to adequately train deputies, including Deputy Guillermo Vallenica and Nora

7  Soler, regarding interaction and detention of suspected mentally ill individuals as well as

8  the use force.  In addition, that the defendant, County of Ventura, was deliberately

9  indifferent to persons who force was unnecessarily used against due to an unwritten policy

10  to either arrest or take a person to mental health to cover-up the any potential misconduct

11  of Ventura County Deputies.

12                (2)     The failure to provide training, and the implementation of the

13  unwritten policy,  was a cause of the deprivation of the plaintiff's constitutional  rights

14  protected by the 4th Amendment of the Constitution , as set forth in Claim One.

15                (3)     That plaintiff's sustained the damages set forth in Claim One

16  as a result of defendant County's failure to properly train defendant Deputy Guillermo

17  Vallencia, and the improper implementation of an unwritten policy to cover-up any

18  potential misconduct of defendants Deputy Guillermo Vallencia and Deputy Nora Soler.

19     <u>Defendants' Defenses:</u>

20         (a)     Qualified immunity.

21        **The ultimate facts required to prove this defense are:**

22                (1)     Deputies Nora Soler and Guillermo Valencia were objectively

23  reasonable in their beliefs that their actions would not violate clearly established law in

24  light of the law and the information the defendants possessed.

25        **Brief statement of evidence relied upon to prove defense:**

26                (2)     Defendants responded to the scene of a suspicious subject call

27  and encountered plaintiff.  Due to plaintiff's statements and conduct, which the deputies

28  found to be threatening, he was taken to the ground.  Based on plaintiff's statements and

1  behavior, an application for 72-hour hold, pursuant to Welfare and Institutions Code §
2  5150, was prepared.

3         (b)     Defendant Valencia committed no actionable conduct under §1983.

4         **The ultimate facts required to prove this defense are:**

5         (1)     There was no Constitutional violation.  Defendant Valencia's
6  conduct was reasonable under the Fourth Amendment analysis as set forth in **Graham v.**
7  **Connor**, 490 U.S. 386, 395 (1989).   Whether there existed an immediate threat to the
8  safety of the deputy.  **Id**. at 396.  Deputy Valencia was acting in self defense.

9         **Brief statement of evidence relied upon to prove defense:**

10         (2)     Plaintiff's statements and conduct suggested he was armed, he
11  refused to comply with the lawful orders of the deputies to remove his hands from his
12  pockets and advanced on Deputy Valencia in a threatening manner.

13         (c)     Defendant Soler committed no actionable conduct under §1983.

14         **The ultimate facts required to prove this defense are:**

15         (1)     There was no Constitutional violation.  Defendant Soler's
16  conduct was reasonable under the Fourth Amendment analysis.  Under W&I §5150,
17  police officers can detain a person who is "a danger to others, or to himself" as a "result of
18  mental disorder."  The statute authorizes a 72-hour hold of such a person at a county-
19  designated facility for treatment and evaluation.  Officers should apply the probable cause
20  standard in §5150 detentions, and probable cause is determined based upon an objective
21  standard.  See **Maag v. Wessler**, 960 F.2d 773, 775-76 (9th Cir. 1991)

22         **Brief statement of evidence relied upon to prove defense:**

23         (1)     Plaintiff's statements and conduct suggested he was armed, he
24  refused to comply with the lawful orders of the deputies to remove his hands from his
25  pockets and advanced on Deputy Valencia in a threatening manner.  Plaintiff's statements
26  and conduct suggested he was mentally ill and attempting to commit "suicide by cop".

27         (d)     There is no Monell liability for Defendant County of Ventura under
28  §1983.

----------------------------------------------------------------------------------------------------------------------------

The ultimate facts required to prove this defense are:

(1)    There was no Constitutional violation by either defendants Soler or Valencia.  The County of Ventura or any policy making individual did not deliberately or indifferently adopt, ratify, or enforce any custom, practice, or policy which deprived plaintiff of any federally protected constitutional right.  The County of Ventura's training program was not deficient and was not deliberately indifferent to the rights of the County's inhabitants.

Brief statement of evidence relied upon to prove defense:

(2)    Defendants Soler and Valencia's conduct did not rise to the level of a constitutional violation.  Plaintiff possesses no evidence supporting the allegation of failure to train.

(e)    Plaintiff abandoned the second cause of action under California Civil Code section 52.1.

The ultimate facts required to prove this defense are:

(1)    Plaintiff in verified responses to discovery, claimed to no longer pursue this cause of action.

Brief statement of evidence relied upon to prove defense:

(2)    Interrogatories were propounded upon plaintiff regarding the factual evidence supporting this cause of action. Plaintiff's verified responses to the interrogatory claimed he was no longer pursuing this cause of action.

(f)    Plaintiff failed to state a cause of action for negligence, Deputies Soler and Valencia committed no breach of duty and plaintiff is barred from recovery due to his own negligence.

The ultimate facts required to prove this defense are:

(1)    Deputies Soler and Valencia did not breach their duty of care as to plaintiff.  Deputies Soler and Valencia did not fail to use reasonable care to prevent harm to oneself or to others.  That what the deputies did is not something that a reasonably careful person would not do in the same situation or failed to do something

1  that a reasonably careful person would do in the same situation.  Plaintiff failed to exercise

2  reasonable care in his dealings with the deputies.

3         **Brief statement of evidence relied upon to prove defense:**

4                (2)   Defendants responded to the scene of a suspicious subject call

5  and encountered plaintiff.  Due to plaintiff's statements and conduct, which the deputies

6  found to be threatening, he was taken to the ground.  Based on plaintiff's statements and

7  behavior, an application for 72 hour hold pursuant to Welfare and Institutions Code §

8  5150 was prepared.

9                (g)   The comparative fault of all parties, whether or not parties herein, and

10 the plaintiff's injuries and losses, must be determined, defined, and apportioned pursuant

11 to California Civil Code sections 1431 and 1432.

12        **The ultimate facts required to prove this defense are:**

13               (1)   Deputies Soler and Valencia did not breach their duty of care

14 as to plaintiff.  That defendants did not fail to use reasonable care to prevent harm to

15 oneself or to others.  That what defendants did is not something that a reasonably careful

16 person would not do in the same situation or failed to do something that a reasonably

17 careful person would do in the same situation.  Plaintiff failed to exercise reasonable care

18 in dealing with the deputies.

19        **Brief statement of evidence relied upon to prove defense:**

20               (2)   Defendants responded to the scene of a suspicious subject call

21 and encountered plaintiff.  Due to plaintiff's statements and conduct, which the deputies

22 found to be threatening, he was taken to the ground.  Based on plaintiff's statements and

23 behavior, an application for 72 hour hold pursuant to Welfare and Institutions Code §

24 5150 was prepared.

25        8.   All discovery is complete except for the following:

26               (a)   The depositions of the expert witnesses designated by the parties:

27 Ronald McCarthy and Roger Clark.

28 /////

-----------------------------------------------------------------------------------------------------

1     9.    All disclosures under **Federal Rules of Civil Procedure**, Rule 26(a)(3)(c)
2 have been completed.   Plaintiff served their disclosure on January 26, 2006 and
3 Defendants served their initial disclosure on April 11, 2006.   The joint exhibit list of the
4 parties has been filed herewith under separate cover as required by Local Rule 16-5.   All
5 exhibits may be admitted without objection, except those exhibits listed below:

6     Plaintiffs object to the following exhibits:

7         Plaintiff objected to Exhibits 103, and 105 to 110.

8     Defendants objected to Exhibits 9 to 12.

9     The objections and grounds therefore are separately stated and listed and are part
10 of the Joint Exhibit List.

11     10.    All disclosures under **Federal Rules of Civil Procedure**, Rule 26(a)(3)(a)
12 and (b) have been made.   The parties filed amended joint Witness and Exhibit Lists on
13 June 23, 2008.

14     11.    The parties do not intend to present evidence by way of video deposition
15 testimony.

16     12.    <u>Evidentiary Matters</u>:  The parties have filed the following Motions in Limine
17 seeking to exclude the following evidence:

18        A.    Plaintiff's

19        (1)    Motion in Limine No. 1, exclusion of evidence of plaintiff
20 being under the care of a mental health professional at the time of the incident.

21        (2)    Motion in Limine No. 2, exclusion of evidence of plaintiff's
22 work and personal history while a member of the Ventura County Sheriff's Department.

23        B.    Defendants'

24        (1)    Motion in Limine No. 1, motion of defendants for an order
25 trifurcating individual liability, punitive damages, and entity liability.

26        (2)    Motion in Limine No. 2, motion of defendants for an order to
27 preclude evidence and/or argument re Sheriff's Department's general orders concerning
28 use of force or any other police practices manual in the liability phase of the trial.

1    (3)    Motion in Limine No. 3, motion of defendants for an order to

2  preclude introduction of evidence of Guillermo Valencia's net worth prior to establishing

3  a prima facie case for punitive damages.

4    (4)    Motion in Limine No. 4, motion of defendants for an order to

5  preclude evidence and/or argument re lesser intrusive force.

6    (5)    Motion in Limine No. 5, motion of defendants for an order to

7  preclude evidence and/or argument re plaintiff's discharge from Mental Health.

8    (6)    Motion in Limine No. 6, motion of defendants for an order to

9  prohibit references to and questioning regarding character evidence and evidence of other

10  alleged bad acts.

11    (7)    Motion in Limine No. 7, motion of defendants for an order

12  permitting the issuance of special interrogatories to the jury regarding the factual issues

13  bearing on the determination of qualified immunity.

14    13.    Bifurcation of the following issues is requested by the defendants:

15  Trifurcation of underlying individual liability from entity liability (Monell) and punitive

16  damages against the individual deputies.

17  /////////////////////

18  ///////////

19  //////

20  ///

21  //

22  /

23  /

24  /

25  /

26  /

27  /

28  /

-------------------------------------------------------------------------------

1        14.    The foregoing admissions having been made by the parties, and the parties

2  having specified the foregoing issues of fact and law remaining to be litigated, this Pre-

3  Trial Conference Order shall supersede the pleadings and govern the course of the trial of

4  this cause, unless modified to prevent manifest injustice.

5

6

7  DATED:_____               _____

8                              HON. R. GARY KLAUSNER
                              UNITED STATES DISTRICT JUDGE

9

10

11  Approved as to form and content.

12

13  DATED:   7/9/08          LAW OFFICES OF ALAN E. WISOTSKY

14

15

16                         By:     /s/ Dirk Degenna
17                            DIRK DEGENNA
                             Attorneys for Defendants

18                             COUNTY OF VENTURA,
                             NORA SOLER &

19                             GUILLERMO VALLENCIA

20  DATED:   7/9/08          WILLIAMSON & KRAUSS

21

22                         By:    /s/ Peter Williamson
23                            PETER WILLIAMSON
                             ATTORNEY FOR PLAINTIFF

24                             WILLIAM EDWARDS

25

26

27

28